# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-521-FDW

| | |
|---|---|
| NGM INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>D. EVANS D/B/A A TO Z FARMS )<br>LAWNCARE & LANDSCAPING, A TO )<br>Z FARMS LAWNCARE & )<br>LANDSCAPING, ANDREW MISHOE )<br>EVANS, and ESTATE OF ALLYSON )<br>PAIGE STANLEY by and through )<br>LACEY GARDNER STANLEY, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

THIS MATTER comes now before the Court on Defendant Estate of Allyson Paige Stanley's ("Defendant") Motion to Dismiss pursuant to the Court's discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, or, in the alternative Defendant's Motion to Bring in a Third Party Defendant pursuant to Rule 14(a) or Rule 20 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED and Defendant's Motion to Bring in a Third Party Defendant is GRANTED.

## BACKGROUND

This matter stems from an underlying wrongful death action ("the underlying action") brought on August 18, 2008, by the Defendant against Andrew Mishoe Evans ("Evans"), D. Evans d/b/a A to Z Farms Lawncare & Landscaping ("D. Evans"), A to Z Farms Lawncare & Landscaping

("A to Z"), Tarah Kendal Faust, and Margie Faust in the Superior Court of Union County, North Carolina. In the underlying action Defendant alleges on March 30, 2007, Allyson Paige Stanley sustained fatal injuries in a Kawasaki vehicle accident. Plaintiff is defending the underlying action under a reservation of rights.

Plaintiff filed complaint in this Court seeking a declaration pursuant to the Declaratory Judgment Act. Plaintiff contends its policy with Defendant in the underlying action does not apply to situations where the insured was not engaging in business conduct. Defendant timely filed an answer to the complaint but Evans, D. Evans, and A to Z did not. Plaintiff filed for entry of default against the remaining Defendants. On January 14, 2009, the Clerk of Courts entered default.

Defendant's Motion asks the Court to dismiss Plaintiff's Complaint on the grounds of "federalism, comity and judicial efficiency." (Def.'s Mot., Doc. 12, at 1.) Defendant argues that a North Carolina state court, in this case the Superior Court of Union County, rather than a federal court should adjudicate all issues stemming from the underlying claims, including which insurance company will be held liable. In the alternative, Defendant moves the Court to allow it to add USAA Casualty Insurance Company ("USAA"), as a third party defendant. Defendant alleges that USAA carries the homeowners insurance policy for Evans.

**STANDARD OF REVIEW**

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Act, however, gives the court the discretion to decline issuing the judgment. Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421 (4th Cir. 1998). The court's discretion must be balanced by considerations of federalism,

efficiency, and comity. Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir. 1994) (abrogated on other grounds by Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 257-58 (4th Cir. 1996)).[1]

The Fourth Circuit has provided four factors to apply when considering whether to exercise jurisdiction over an insurer's petition for declaratory judgement: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state could resolve the issue more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary entanglement between the state and federal courts; and (4) whether the federal action is mere "procedural fencing." Id. at 377.

## ANALYSIS

**1. North Carolina's Interest in this Case**

When determining state interest, courts look beyond whether the legal issues stem from state law. Nautilus, 15 F.3d at 378. The fact that all issues of insurance coverage raised are governed by state substantive law is not sufficient to decline exercising federal jurisdiction. Id. Rather, federal courts should abstain from hearing declaratory judgments "only when the questions of state law involved are difficult, complex, or unsettled." Id. (citing Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 236 (1984); Lousiana Power & Light Co. v. City of Thibodeaux, 360 U.S. 25, 27 (1959)).

In Nautilus the Fourth Circuit held that the district court overstepped its discretion when

---

[1] In Nautilus, the Fourth Circuit stated that its review of a district court's decision to refuse to hear a declaratory judgment was "essentially de novo." Id. The Fourth Circuit later recognized, based on the Supreme Court case of Wilton v. Seven Falls Co., 515 U.S. 277 (1995), that the correct standard of review was for abuse of discretion. Nautilus's statements on federalism, efficiency, and comity, as well as the four factors discussed below, remain good law. See Centennial Life, 88 F.3d at 257.

it declined to exercise jurisdiction because the issues of state law were not "close, difficult, or problematic" and instead involved "routine application of settled principles of law." Nautilus, 15 F.3d at 378.

Conversely, the district court in Firemen's Ins. Co. of Washington, D.C. v. Hunter Construction Group, Inc. declined to exercise jurisdiction over a declaratory judgment action because the underlying issues were "new and unsettled." No.3:07-CV-120, 2008 WL 2247138, at *1 (W.D.N.C. May 29, 2008). The case rested on whether "water, mud and sediment" were considered "pollution," an issue which no North Carolina court had considered in the context of insurance liability policies. Id.

Unlike Firemans Ins., the underlying issue here is not one of first impression. While North Carolina certainly has an interest in the issues raised by Defendant,[2] this case requires only the "routine application" of state law which is neither "difficult, complex, or unsettled." The key issue raised by Plaintiff's Complaint, whether the insurance policy applies to a vehicle used for recreational purposes, is a basic matter of contract interpretation, not one of first impression. North Carolina's interest is therefore insufficient for this Court to decline jurisdiction.

**2. Efficient Resolution**

Efficiency is determined by whether the issues can best be settled in the pending state court proceedings rather than in the federal courts. Nautilus, 15 F.3d at 378. Courts look at the scope of the state court proceeding to make this conclusion. Id. Scope includes "whether the

---

[2]In the underlying action, Evans purchases the Kawasaki vehicle in North Carolina, A to Z is located in North Carolina, both the business and homeowners insurance policies were bought in North Carolina, the accident occurred in North Carolina, the deceased was a North Carolinian, and both civil and criminal actions were commenced in North Carolina state courts.

claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding." Id. (citing Brillhart, 316 U.S. at 495). Efficiency, therefore, is not always "synonymous with speed," but means the "efficient use of all court resources." National Fire Ins. Co. v. Robertson, No. 1:08CV516, 2009 WL 961466, at *6 (W.D.N.C. April 7, 2009).

In Penn-America Ins. Co. v. Coffey, the insurance company, which was not a party to the underlying state court action, brought a declaratory judgment action against the insured and other defendants. 368 F.3d 409 (4th Cir. 2004). The district court exercised jurisdiction and the Fourth Circuit affirmed because the contractual coverage issue would not have been decided in the underlying action. Id.

Conversely, in Wasau Underwriters Ins. Co. v. DM Farms of Rose Hill, LLC, the court held the insurance coverage issues could be most efficiently resolved in state court. No. 7:07-CV-208-F, 2008 WL 2148831, at *1 (E.D.N.C. May 21, 2008). The court considered the presence of additional defendants and issues, as well as the significant amount of discovery already completed, when determining that the parallel declaratory judgment state action would more efficiently resolve the issues. Id.

Like Penn-America, Plaintiff in this case is not a party to the underlying cause of action. Therefore, if the Court were to decline jurisdiction, Plaintiff would have to bring a new action at the state level. In addition, the present action has been pending for six months, all Defendants have answered or been held in default, the Court has entered a discovery plan, and the parties are in the midst of discovery. Should the Court decline jurisdiction, this process would have to begin again at the state level. For these reasons, the Court believes that retaining jurisdiction will more

efficiently resolve this action.

### 3. "Entanglement" Between Federal and State Court

Defendant argues that "overlapping issues of fact or law" have the "potential" for unnecessary entanglement, but does not elaborate these "issues" or what type of "entanglement" would result from this action. (Def.'s Mot., Doc. No. 12, at 8.) Issues are "overlapping" when they are being litigated in the related state court actions or where the court must resolve some factual question at issue in the state court proceeding. See Wausau, 2008 WL 2148831, at *1.

For example, in Kapiloff v. United Capital Ins. Co., the Fourth Circuit observed that entanglement was a "genuine possibility" when "both actions raised the same core issues of law and fact, and both actions aimed at determining the rights of the parties under the insurance policy." 155 F.3d 488 (4th Cir. 1998). As a result of the other three factors supporting federal jurisdiction, the "possibility" of entanglement was insufficient for the Court to decline jurisdiction. Id.

The present action does not seem to present an unsatisfactory level of entanglement. The underlying action, to which Plaintiff is not a party, is a wrongful death claim. This action for declaratory judgment is a matter of contract interpretation regarding insurance policy provisions. Even if issues of entanglement were a "possibility," as in Kapiloff, if the other three factors favor jurisdiction the Court does not necessarily have to dismiss the declaratory judgment.

### 4. "Procedural Fencing"

"Procedural fencing" is where an action is used to provide a different forum in a race for res judicata or to obtain a federal hearing in a case otherwise not removable. Nautilus, 15 F.3d at 380. This includes cases where a party has "raced to the federal court in an effort to get certain

issues that are already pending before the state courts resolved first in a more favorable forum." Id. "Procedural fencing" does not include cases where a party might have filed the action in state court, but "chose to proceed in federal court instead, as they were authorized to do by 28 U.S.C. §§ 1331 and 2201." Id. Allegations of "procedural fencing" are considered "serious and should find ample support in the record before they are made." Hartford Cas. Ins. Co. v. BB&T Financial Corp., 131 F. Supp. 2d 752, 755 (W.D.N.C. 2001). In National Fire, the court declined to exercise jurisdiction because the underlying action was "well underway and on the eve of trial." 2009 WL 961466, at *7. The court found this eleventh hour filing to be "troubling," especially because of "the passage of some seven months between discovery of the issue and the bringing of [the] action." Id.

Defendant's argument that the Plaintiff has engaged in "procedural fencing" is entirely unsupported. Defendant states only that Plaintiff has "a strong preference" for federal court. (Def.'s Mot., Doc. No. 12, at 9.) Nautilus makes clear, however, that choosing to file in federal court rather than state court, where both courts are proper, is insufficient to be considered "procedural fencing." Nautilus, 15 F.3d at 380; see also Firemen's Ins., 2008 WL 2247138, at *4. Nor has Defendant pointed to any "troubling" facts, as were present in National Fire.[3]

Due to the serious nature of an accusation of "procedural fencing" and the paucity of factual allegations in Defendant's Motion, the Court is satisfied that Plaintiff has not improperly availed itself of federal jurisdiction.

---

[3] In the present action, the Complaint was filed two months following the Plaintiff's notification of the underlying action and only three months after the underlying action commenced.

## MOTION TO BRING IN A THIRD PARTY DEFENDANT

Rule 14(a) of the Federal Rules of Civil Procedure permits a defending party to join additional parties who may be liable for all or part of the claim against them. Fed. R. Civ. P. 14 (a)(1). Rule 20(a), permissive joinder of parties, allows defendants to be joined in an action where "a right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

Plaintiff's action for declaratory judgment asks the Court to resolve the issue of insurance coverage for Evans regarding the underlying action. At the time of the accident at issue in the underlying action, two possible insurance contracts provided coverage for Evans, his homeowners insurance through USAA and his business insurance through Plaintiff. USAA's ability to protect its interest may be impaired or impeded if it is not included in the present action.

Plaintiff does not oppose the Motion. For these reasons, the Defendant's Motion to Bring in a Third Party Defendant is granted.

## CONCLUSION

In looking at the case as a whole and all of the Fourth Circuit factors together, balanced by considerations of federalism, efficiency and comity, this Court will exercise its discretion to retain jurisdiction over Plaintiff's declaratory judgment action. In addition, due to USAA's interest in the present action, this Court will allow joinder of the third party defendant.

Accordingly, for the reasons stated herein, Defendant's Motion to Dismiss is DENIED and Defendant's Motion to Bring in a Third Party Defendant is GRANTED.

IT IS SO ORDERED.                                    Signed: June 15, 2009



Frank D. Whitney
United States District Judge